IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARY DELINO HOLMES, ) | Civil Action No.: 4:09-cv-70069-RBH |
| ) | Criminal No.: 4:06-cr-01319-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Pending before the Court is Petitioner Gary Delino Holmes's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, the Respondent's Motion for Summary Judgment, and the Petitioner's *pro se* Motion for Summary Judgment.

## Procedural History and Factual Background

On May 20, 2009, the Petitioner filed the Motion to Vacate [Docket # 94] at issue in this matter. The Petitioner asserts two grounds for relief in his Motion to Vacate: (1) ineffective assistance of counsel for violating the Petitioner's right to appeal and (2) involuntary plea stemming from trial counsel allegedly "providing erroneous misadvise to this Petitioner" in regards to § 924(c)(1). *Motion to Vacate,* at 7. Specifically, the Petitioner "alleges that on April 25, 2008; this Petitioner, did make a timely request to trial counsel Mr. D. Craig Brown, to file a Notice of Appeal, but counsel through neglect failed to timely file said Appeal." *Id.* at 4. The Petitioner, his mother, and his brother all declare in sworn affidavits attached to the Petitioner's Motion to Vacate that they asked trial counsel to file an appeal on the Petitioner's behalf because the Petitioner did not "actively employ" a firearm pursuant to § 924(c)(1).

The Respondent filed a motion for summary judgment [Docket # 164] and response to the Petitioner's § 2255 motion with an attached affidavit of trial counsel, D. Craig Brown, on June 8, 2009. Trial counsel declares in the sworn affidavit that "the Defendant signed a Waiver of Appeal[1] on April 25, 2008," and after reviewing the affidavits submitted in this matter and his own file, "there is no documentation indicating that the Defendant desired to appeal." [Docket # 161, ¶¶ 18-22]. Further, trial counsel declares that the Defendant failed to mention anything about an appeal in their subsequent communications; in fact, "[i]t was not known by D. Craig Brown that Defendant desired to appeal until he filed a Pro Se Notice of Appeal on or about March 12, 2009, almost eleven (11) months after he was sentenced. *Id.* at ¶¶ 23-26. Subsequently, the Petitioner filed a *pro se* motion for summary judgment [Docket # 167] and a reply to the Respondent's response in opposition to the Petitioner's § 2255 motion.

## Discussion

In the instant matter, the primary issue is whether the Petitioner asked trial counsel to appeal his judgment and whether trial counsel was ineffective for failing to timely file a notice of appeal. There is conflicting sworn affidavit testimony as to whether the Petitioner made such a request. In an abundance of caution, the Court will assume an appeal was timely requested by the Petitioner.

"[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *United States v. Poindexter,* 492 F.3d 263, 269 (4th Cir. 2007) (quoting *Peguero v. United States,* 526 U.S. 23, 28 (1999); *see United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993). An attorney's

---

[1] The Petitioner claims in a supplemental sworn affidavit that Counsel told him and his family that the form that he signed was a "Jury Trial wavier form." *See* Docket # 169-1.

2

failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. *See United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993). When faced with such an allegation from a habeas petitioner, the Court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. *See id.* This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure.[2] *See* Fed. R. App. P. 4(b) & (c).

Accordingly, the Court will vacate the Petitioner's sentence of conviction and immediately reinstate and reimpose his conviction to permit the Petitioner a renewed opportunity to seek a direct appeal. The remainder of the Petitioner's claims are dismissed *without prejudice* to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal. *See United States v. Killian,* 22 Fed. Appx. 300 (4th Cir. 2001). Because a criminal defendant has a right to counsel throughout the direct appeal,[3] the Court directs the Clerk to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

## **Conclusion**

The Court hereby vacates the Petitioner's judgment of conviction and enters a new judgment from which the Petitioner may appeal. Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court determines that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to have that done.[4] *See* 18 U.S.C. § 3006A.

---

[2] Instead of holding a § 2255 evidentiary hearing, the Court will short-circuit the issue by offering the Petitioner another window within which to file a direct appeal.

[3] *See Douglas v. California,* 372 U.S. 353, 357-58 (1963) (holding that a criminal defendant has a right to counsel throughout the direct appeal).

[4] The Court is assuming that the Petitioner is not now represented by counsel of his choice.

3

Based on the foregoing, it is **ORDERED** that the Petitioner's sentence is **VACATED** and his judgment of conviction is **IMMEDIATELY REIMPOSED** and **REINSTATED** with the date of imposition of judgment being the filing date of this Order. The Clerk is directed to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

It is **FURTHER ORDERED** that the remaining claims raised in the Petitioner's Motion to Vacate [Docket # 152] are dismissed *without prejudice* to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal. Accordingly, the Respondent's Motion for Summary Judgment [Docket # 164] and the Petitioner's Motion for Summary Judgment [Docket # 167] are **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
May 3, 2010